PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:16CV511 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ROBERT C. HANEY, JR., *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 42] |

Plaintiff United States of America brings this action to recover unpaid trust fund recovery

penalties and to enforce the associated federal tax liens against certain real property of Defendant

Robert C. Haney, Jr. ECF No. 1.

Pending is Plaintiff's Motion for Summary Judgment. ECF No. 42. Plaintiff moves the

Court to enter summary judgment in its favor as to Counts Two and Three of the Complaint

(ECF No. 1). *Id.* The motion is unopposed. For the reasons that follow, the motion is granted.

## I. Background

Plaintiff filed this action to reduce to judgment unpaid trust fund recovery penalties

assessed against Defendant Robert C. Haney, Jr. for unpaid employment tax liabilities (Count

One), and to enforce the associated federal tax liens against the real property owned and

fraudulently transferred by Defendant Haney, located at 50 Redfern Drive, Youngstown, Ohio

44505 (the "Property") (Counts Two and Three). ECF Nos. 1 at PageID#: 1    2. In addition to

Defendant Haney, the following parties were named as defendants in this action because Plaintiff

believed they might claim an interest in the Property: (1) Mary Annette Chambers; (2) State of Ohio, Department of Taxation; and (3) Trumbull County Ohio. *Id.* Plaintiff seeks to enforce its liens against the Property pursuant to 26 U.S.C. § 7403. ECF Nos. 1 and 42.

The relevant facts in this lawsuit are that Defendant Haney is liable for trust fund recovery penalties for the quarterly periods ending 06/30/2002; 09/30/2002; 09/30/2003; 09/30/2004; 12/31/2008; 9/30/2009; 6/30/2010; 9/30/2010; 6/30/2011; 9/30/2011; 6/30/2012; and 9/30/2012, in the amount of $77,691.65, plus interest and other statutory accruals from February 19, 2016, which are related to the unpaid employment taxes of his business   Duncan Lawn Care. *See* ECF Nos. 1 and 24. Furthermore, it is undisputed that:

> [F]ollowing the assessment of trust fund recovery penalties against Mr. Haney for the unpaid employment tax liabilities of Duncan Lawn Care, Mr. Haney engaged in a pattern of fraudulent activity designed to place his assets outside the reach of his creditors, and specifically, the United States. After the sale of the home Mr. Haney shared with Ms. Chambers, his longtime personal companion, Mr. Haney directed that Ms. Chambers receive 75% of the sale proceeds, while he received just 25%. Further, after receiving a substantial inheritance following the death of his mother, rather than use the funds to pay down his tax liabilities, Mr. Haney signed over the inheritance check to Ms. Chambers, which she deposited into her account and used to purchase the Property in both their names. Mr. Haney then transferred his interest in the Property to Ms. Chambers, just five days after the IRS mailed collection notices to Mr. Haney's business for unpaid employment taxes.

ECF No. 42 at PageID#: 204.

The docket reflects that: the United States attempted to serve Defendant Haney on nine occasions between March 15, 2016 and April 2, 2016 through a private process server; the Clerk of Court attempted service by certified mail on April 16, 2013, April 18, 2016, and April 28,

(4:16CV511)

2016; and, on May 25, 2016, service of the Summons and Complaint was effected on Defendant

Haney by ordinary mail pursuant to Local Rule 4.2(c).  ECF Nos. 24 at PageID#: 122. *See also*

ECF Nos. 12; 14-2 at PageID:# 74.  Despite these efforts, Defendant Haney has not replied or

otherwise filed a responsive pleading to the Complaint.  ECF No. 24 at pageID#: 122.  On

August 12, 2016, the Clerk entered the default of Defendant Haney pursuant to Fed. R. Civ. P.

55(a).  ECF No. 19.  On February 2, 2017, the Court entered default judgment against Defendant

Haney, in the amount of $77,691.65, under Count One of the Complaint.  *See* ECF Nos. 24 and

25.

Now, under Counts Two and Three of the Complaint, Plaintiff seeks to enforce the

federal tax liens against the Property associated with Defendant Haney's assessed liabilities.

ECF No. 42.  The motion is unopposed.

## II.  Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and

disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

*see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  The moving party is not required

to file affidavits or other similar materials negating a claim on which its opponent bears the

burden of proof, so long as the movant relies upon the absence of the essential element in the

pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986).  The moving party must "show that the non-moving party has

(4:16CV511)

failed to establish an essential element of his case upon which he would bear the ultimate burden

of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).


Once the movant makes a properly supported motion, the burden shifts to the non-moving

party to demonstrate the existence of genuine dispute. An opposing party may not simply rely on

its pleadings. Rather, it must "produce evidence that results in a conflict of material fact to be

resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The

non-moving party must, to defeat the motion, "show that there is doubt as to the material facts

and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980

F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in

the light most favorable to the non-moving party when deciding whether a genuine issue of

material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88

(1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242 (1986), stated that in order for a motion for summary judgment to be granted, there must be

no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute

between the parties will not defeat an otherwise properly supported motion for summary

judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution

will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the

court must decide whether the evidence is such that reasonable jurors could find that the

non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence

4

is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.*

### III.  Analysis

Although a court may accept the plaintiff's version of the facts when a motion for summary judgment is unopposed by a defendant, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.3d 451, 455 (6th Cir.1992). Rather, "[t]he court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that the movant has demonstrated the absence of a genuine issue of material fact." *Id.* Having undertaken the requisite review, the Court finds that Plaintiff has carried its burden and is entitled to summary judgment.

Pursuant to 26 U.S.C. § 7403(a), when a taxpayer has neglected or refused to pay tax liability assessed against him, the Government may "subject any property, of whatever nature, of the delinquent, or in which he has any right title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a). When the Government seeks to enforce its lien, the court "shall . . . finally determine the merits of all claims to and liens upon the property, and . . . may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(c). While the court has discretion to decline to order a forced

sale, "the limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *United States v. Rodgers*, 461 U.S. 677, 711, 103 S.Ct. 2132, 2152, 76 L.Ed.2d 236 (1983).

In the instant action, Plaintiff's motion for summary judgment is unopposed, but nonetheless leaves no doubt that Plaintiff is entitled to judgment against Defendant Haney for unpaid tax liabilities. The undisputed facts further establish that, Defendant Haney's transfer of his interest in the Property to Defendant Chambers was indeed fraudulent, and that the Property was purchased and transferred subject to the federal tax liens associated with Defendant Haney's assessed trust fund recovery penalties. *See* ECF No. 42 at PageID#: 197    201. Furthermore, when the moving party has filed a properly supported motion for summary judgment, the non-moving party may not rest upon the mere allegation set forth in the Answer, but rather must set forth, "specific facts showing that there is a genuine issue of trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106. S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). Defendants have not done so in this case, and therefore, the Court finds that Plaintiff is entitled to enforce its federal tax liens associated with these tax liabilities against the real property of Defendant Haney.

Accordingly, because no genuine dispute of material fact exists as to the merits of Plaintiff's claims to and liens upon the Property, Plaintiff's motion for summary judgment is granted.

(4:16CV511)

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment (ECF No. 42) is granted. The Court also approves and adopts Plaintiff's Proposed Order granting the motion for summary judgment (ECF No. 43). The case is closed.

IT IS SO ORDERED

  June 29, 2018                              */s/ Benita Y. Pearson*
Date                                        Benita Y. Pearson
                                            United States District Judge